**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GAVONNE DIXON, : | |
|     *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-4858 |
| : | |
| UNITED STATES OF AMERICA, : | |
|     *Defendant*. : | |

**MEMORANDUM**

**Pappert, J.**                                                                                              **November 14, 2025**

*Pro Se* Plaintiff Gavonne Dixon filed this lawsuit against the United States seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Dkt. No. 2.) He also filed a motion seeking leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 6.) For the following reasons, the Court will grant leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter jurisdiction.

I[1]

Dixon filed his Complaint on August 21, 2025, claiming that he is a United States citizen seeking "clarification" on the legal relationship between himself and the government of the United States. (Compl. at 3.) Dixon contends that the United States government officials have a fiduciary responsibility to its citizens, (*id.* at 3, 5), and he maintains that they have, "either in practice or policy, acted in ways inconsistent with this fiduciary standard." (*Id.* at 4.)

---

[1] The factual allegations set forth in this Memorandum are taken from Dixon's Complaint ("Compl."), and the Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Dixon claims that the government has breached its duty because it has failed to act with "due care, loyalty, or accountability." (*Id*. at 8.)  In particular, Dixon lists food and public health policies like the food pyramid and proliferation of pesticides that have allegedly endangered citizens' lives.  (*Id*.)   He asserts that, as a child, he was required to attend "government-mandated schools" that taught distortions and misinformation, and they "limited Plaintiff's economic mobility and suppressed critical thinking." (*Id*.) Dixon further questions the chemicals added to the water supply, his need to obtain student loans when "promises of economic opportunity [ ] have not materialized," and disparities between elected officials' supposed lifestyles and his own economic situation. (*Id*. at 9.)  Dixon claims that he "never explicitly granted consent for these policies or systems" and had no opportunity to "opt out." (*Id*.)  He states that changes in federal and state health policy enacted through legislation and regulations have resulted in the denial of state-administered benefits "previously available to his family." (*Id*.)  Dixon asserts that the changes have "materially impacted his life and wellbeing." (*Id*. at 10.) Dixon seeks "a declaration identifying the source of lawful authority through which the Government asserts jurisdiction over him." (*Id*. at 3.)

## II

The Court will grant Dixon leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary damages from an immune defendant.  *See id*. at (i)-(iii).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss

under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Dixon is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.,* 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

### III

Dixon asserts a diffuse set of generalized, intangible, and conclusory grievances against the government, and he accordingly fails to raise any discernable claims over which the court has jurisdiction. Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* "[T]he irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an

3

injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*. 578 U.S. 330, 338 (2016). A plaintiff must allege an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 339 (internal quotations omitted). An injury is "particularized," if the plaintiff has personally been affected, in an "individual way." *Id.* (collecting cases). To be "concrete," the injury "must actually exist" and not be an "abstract" harm. *Id.* at 340.

Dixon has not alleged a particularized, concrete injury in fact. He recites various general "breaches" by the government that he claims have affected him and other citizens over the years—like chemicals added to the water supply, the proliferation of pesticides, disappointment in the educational system, and perceived inequities between the lifestyles of government officials and himself. (Compl. at 9.) The United States Supreme Court has made clear, however, that these grievances fall outside of a justiciable controversy under Article III. "We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992)) and citing *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 344 (2006) (refusing to create an exception to the general prohibition on taxpayer standing for challenges to state tax or spending decisions, and observing that taxpayer standing has been rejected "because the alleged injury is not 'concrete and particularized,' but instead a grievance the

4

taxpayer 'suffers in some indefinite way in common with people generally'" (citation omitted)). Dixon therefore lacks standing to assert his claims.

In addition, to the extent that Dixon purports to bring this action solely under the Declaratory Judgment Act, 28 U.S.C. § 2201, that act neither confers subject matter jurisdiction nor constitutes an independent cause of action. Under the Declaratory Judgment Act, a district court may, "[i]n a case of actual controversy within its jurisdiction . . . declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. However, courts have made it clear that the Act "does not independently grant subject-matter jurisdiction." *Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) ("[T]he operation of the Declaratory Judgment Act is procedural only."); *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017) ("The Declaratory Judgment Act does not, however, provide an independent basis for subject-matter jurisdiction; it merely defines a remedy.")). The Act also does not create an independent cause of action. *Muhlbaier v. Specialized Loan Servicing LLC*, No. 18-125, 2018 WL 3238832, at *2 (D.N.J. July 3, 2018) (dismissing complaint asserting only a claim under the Declaratory Judgment Act because it "is simply not a claim") (citing *Mazzoccoli v. Merit Mountainside LLC,* No. 12–2168, 2012 WL 6697439, at *9 (D.N.J. Dec. 20, 2012) (dismissing case where the only remaining cause of action was under the Declaratory Judgment Act)). Because there is no underlying jurisdictional basis, the Court also lacks jurisdiction over any claims that Dixon wants to raise directly under the Declaratory Judgment Act, and such claims will be dismissed.

IV

For the reasons stated, the Court will dismiss Dixon's Complaint without prejudice for lack of subject matter jurisdiction. Dixon will be granted leave to amend his complaint to allow him an additional opportunity to assert a justiciable case or controversy against a viable defendant. A separate Order with further instructions concerning amendment follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**